## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

REPUBLIC TECHNOLOGIES (NA), LLC
and SREAM, INC.,

      Plaintiffs,

            v.

RAYYANN INTERNATIONAL, INC. d/b/a
TOBACCO CITY and WAQAR MALIK

      Defendants.

No. 19-cv-07980

Judge John F. Kness

## MEMORANDUM OPINION AND ORDER

Plaintiffs in this Lanham Act case allege Defendants sell glass tobacco paraphernalia bearing a logo that infringes on Plaintiffs' "RooR" trademark. (Dkt. 1, Compl., at 2-3.) Plaintiffs advance three counts: (1) trademark infringement, (2) counterfeiting, and (3) false designation of origin/unfair competition. (*Id*. at 11, 13, 17.) Defendants move to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiffs have not sufficiently pleaded likelihood of confusion. (Dkt. 23, Def. Mot., at 3.) For the reasons that follow—bluntly put, the question is not close—Defendants' motion is denied.

## I.    BACKGROUND

Plaintiff Republic Technologies is the registered owner of the "RooR" trademark; and Plaintiff Sream is the exclusive United States licensee authorized to use that trademark, as well as the manufacturer of RooR's glass products and various

smokers' articles. (Dkt. 1, Compl., at 2, 5.) RooR-branded products include glass water pipes, parts, and accessories. (*Id*.) Plaintiffs assert that RooR products are made from nearly unbreakable glass, as well as hand-blown by individual artists. (*Id*. at 5.) According to Plaintiffs, "[a] wide array of websites, magazines, and specialty shops include advertising of RooR branded products, which are immediately identifiable." (*Id*. at 6.) RooR-branded water pipes retail for $300 or more. (*Id*.)

Defendant Waqar Malik owns/manages and/or operates Tobacco City, a retail store that Plaintiffs allege sold "reproductions, counterfeits, copies and/or colorable imitations of one or more of the RooR marks." (*Id*. at 8.) Plaintiffs attached to their complaint photos of these allegedly infringing products. (Dkt. 1-5.)

Plaintiffs' three-count complaint alleges: (1) Federal Trademark Counterfeiting and Infringement under 15 U.S.C. § 1114; (2) Federal Trademark Counterfeiting under 15 U.S.C. § 1116(d); and (3) Federal False Designation of Origin and Unfair Competition under 15 U.S.C. § 1125(a). (Dkt. 1, Compl., at 11, 13, 17.)

Defendants now move to dismiss Plaintiffs' complaint in its entirety for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (Dkt. 23, Def. Mot., at 2.) Defendants contend there is no plausible claim for trademark infringement because Plaintiffs did not sufficiently plead likelihood of confusion. (*Id*. at 3.) Defendants further argue that since Plaintiffs fail to plead facts to support any plausible likelihood of confusion for trademark infringement, there is no plausible likelihood of confusion for unfair competition or counterfeiting either. (*Id*.) Plaintiffs respond that they have met the

pleading standard because they have alleged facts that meet several of the requisite likelihood of confusion factors. (*See* Dkt. 29, Pltf. Resp., at 2.)

## II.    LEGAL STANDARD

A motion to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure "challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Each complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 570 (2007)).  To survive a motion to dismiss, then, the "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

For the purposes of a motion to dismiss, the Court accepts as true well-pleaded facts contained within the complaint and draws reasonable inferences in favor of the plaintiff. *Kubiak v. City of Chicago*, 810 F.3d 476, 480-81 (7th Cir. 1990). A complaint need only include "[f]actual content that allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." *Id.* (quotations omitted). But even though factual allegations are entitled to the assumption of truth, legal conclusions are not. *Iqbal*, 556 U.S. at 678-79.

## III.    DISCUSSION

Where, as here, a defendant challenges the plaintiff's allegations regarding likelihood of confusion, the district court's role is "limited to assessing whether

[Plaintiffs have] pleaded facts that plausibly could result in a successful outcome on the likelihood of confusion element of [their] claim." *Top Tobacco v. Fantasia Distribution Inc.*, 101 F. Supp. 3d 783, 790 (N.D. Ill. 2015). This requires the Court to consider seven factors: (1) the similarity between the marks in appearance and suggestion; (2) the similarity of the products; (3) the area and manner of concurrent use; (4) the degree of care likely to be exercised by consumers; (5) the strength of Plaintiffs' mark; (6) whether actual confusion exists; and (7) whether the defendant intended to "palm off" his product as that of the plaintiff. *Ty, Inc. v. Jones Grp., Inc.* 237 F.3d 891, 897-98 (7th Cir. 2001); *see also Republic Techs. (NA), LLC v. Friends Trading Inc.*, No. 19 C 7991, 2020 WL 5905218, at *4 (N.D. Ill. Oct. 6, 2020). No one factor is dispositive, and "different factors will weigh more heavily from case to case depending on the particular facts and circumstances involved." *Int'l Kennel Club of Chicago, Inc. v. Mighty Star, Inc.*, 846 F.2d 1079, 1087 (7th Cir. 1988).

Although each of these seven factors is material, the Seventh Circuit has explained that "the similarity of the marks, the defendant's intent, and actual confusion are particularly important." *Packman v. Chicago Tribune Co.*, 267 F.3d 628, 643 (7th Cir. 2001). After considering these "particularly important" factors, along with the others, the Court finds Plaintiffs' complaint states a plausible claim.

The first factor (similarity between the marks) is satisfied because, simply, Plaintiffs' attached exhibits show sufficient similarities at this early stage of the case. Exhibit A to the Complaint shows the "RooR" mark, and Exhibit E displays photos of Defendants' allegedly counterfeit water pipe bearing the "RooR" mark. (Dkt. 1-3, at

15; Dkt. 1-5, at 1-3.) Looking at these exhibits side by side, there is no question that Plaintiffs have plausibly alleged similarity between the marks.

The second factor (similarity of the products) is also satisfied. For the purpose of the likelihood of confusion analysis, "a closely related product is one which would reasonably be thought by the buying public to come from the same source, or thought to be affiliated with, connected with, or sponsored by, the trademark owner." *Jones Grp., Inc.*, 237 F. 3d at 900 (alteration accepted). The alleged infringement here involves a glass pipe, and Plaintiffs' licensed articles include glass pipes. (*See* Dkt. 1-4, at 18.) It is thus plausible that the buying public would conclude the products came from the same source or were affiliated with one another.

Against this, Defendants contend the products are not similar because Plaintiffs compare them "by their physical appearance only and not what happens in the marketplace." (Dkt. 31, Def. Reply, at 7.) This is incorrect. Plaintiffs provide factual allegations beyond the scope of physical appearance: they allege that their genuine products are sold in retail stores "specializing in smoker's products," which is precisely the type of store in which Defendants sold their infringing products. (Dkt. 1, Compl., at 6.) Accordingly, the second factor favors Plaintiffs. *See Jones Grp., Inc.*, 237 F. 3d at 900.

The third factor, the area and manner of concurrent use, also favors Plaintiffs. This factor can be analyzed by looking at geographic areas, whether there is direct competition between the products, whether the products are sold to consumers in the same types of store, and whether the products are sold through the same marketing

channels. *Id.* Plaintiffs have plausibly alleged that these products were sold in the same geographic area (the same state—Illinois), that there is direct competition between the products (both serve the same purpose and are sold to the same customers), and that the products are sold to consumers in the same types of stores (tobacco/smoke shops). Accordingly, Plaintiffs have plausibly alleged that the area and manner of concurrent use between the two marks is likely to cause confusion.

Neither party addresses the fourth factor (degree of care by consumers). Because the allegations of the complaint offer no reason why consumers in this market would be more or less likely to exercise a higher or lower degree of care than any other type of consumer, this factor is neutral.

The fifth factor (strength of Plaintiffs' mark) weighs against dismissal. Plaintiffs have plausibly alleged that their mark is distinctive and incontestable by alleging that their products are made from superior materials, including nearly unbreakable glass that is hand-blown by individual artists. (Dkt. 1, Compl., at 5-6.) Plaintiffs have further alleged that "[t]he unique style and functional superiority of the RooR brand has earned it accolades in leading trade magazines and online publications and has made the RooR marks synonymous with high quality products." (*Id.* at 6.) At the motion to dismiss stage, these accolades need not be proven true; they must be, as they are, merely plausible.

Plaintiffs concede the sixth factor (actual confusion) and admit that they do not allege any instances of actual confusion. (Dkt. 29, Pltf. Resp., at 4.) That said, the absence of any evidence of actual confusion does not preclude Plaintiffs from

proceeding with their infringement lawsuit. *See KJ Korea, Inc. v. Health Korea, Inc.*, 66 F. Supp. 3d 1005, 1016 (N.D. Ill. 2014) ("the absence of factual allegations demonstrating actual confusion is not dispositive of the likelihood of confusion"); *see also CAE, Inc. v. Clean Air Eng'g. Inc.*, 267 F.3d 660, 685 (7th Cir. 2001) (similar). Accordingly, although this factor does not favor Plaintiffs, neither is it fatal to their claims.

Finally, the seventh factor (whether Defendants intended to "palm off" their products as something else) cuts against dismissal. Plaintiffs do not provide any direct evidence of intent, but that is not their burden at this stage. Rather, in "some circumstances, an intent to confuse may be reasonably inferred from the similarity of the marks where the senior mark has attained great notoriety." *AutoZone, Inc. v. Strick*, 543 F.3d 923, 934 (7th Cir. 2008); *see also Sands, Taylor & Wood Co. v. Quaker Oats Co.*, 978 F.2d 947, 963 (7th Cir. 1992) (similar). Plaintiffs allege that RooR products are "widely recognized internationally" and "highly renowned." (Dkt. 1, Compl. ¶ 9.) Defendants are participating in an identical product market and similar geographic market to Plaintiffs. And the marks they are using are nearly identical to Plaintiffs', which is itself a strong indication that the resemblance was intentional. These allegations are sufficient at the pleading stage; Plaintiffs have plausibly alleged that Defendants have attempted to "palm off" their wares as genuine RooR items. Accordingly, the seventh and final factor weighs in Plaintiffs' favor.

Tallying up the scoresheet, five of the seven applicable factors favor Plaintiffs, and one is neutral. And as for the only factor (actual confusion) that favors

Defendants, courts have repeatedly held that the lack of allegations of *actual* confusion is not dispositive on the issue of *likelihood* of confusion. *See*, *e.g.*, *CAE, Inc.*, 267 F.3d at 685. Because the remaining factors weigh heavily in Plaintiffs' favor, the motion to dismiss must be denied.

## IV.     CONCLUSION

For the reasons stated above, Defendants' motion is denied.

SO ORDERED in No. 19-cv-07980.

Date: March 25, 2021

_____
JOHN F. KNESS
United States District Judge